LOWE'S OK'D USED CARS, INC. and
Edward Duke Caro, Plaintiffs,

v.

ACCEPTANCE INSURANCE
CO., Defendant.

No. CIV. A. 97–D–1609–N.

United States District Court,
M.D. Alabama,
Northern Division.

March 3, 1998.

George H. Howell, William P. Roberts, II, Prattville, AL, for Plaintiffs.

J. Mark Hart, Birmingham, for Defendant.

## MEMORANDUM OPINION AND ORDER

DE MENT, District Judge.

Before the court is Plaintiffs' Motion To Remand ("Pls.' Mot.") filed February 6, 1998. Plaintiffs filed a Brief In Support of their Motion ("Pls.' Br.") on the same date. The Defendant filed its Memorandum Of Law In Opposition To Motion To Remand on February 24, 1998 ("Def.'s Opp'n."). For the reasons set forth below, the court finds that Plaintiffs' Motion To Remand is due to be granted, and that, consequently, this action is due to be remanded to the Circuit Court of Autauga County, Alabama.

## I. Legal Standard

Federal courts are courts of limited jurisdiction, and may only hear cases that they have been authorized to hear by the Constitution or by the Congress of the United States. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (1994). A federal district court is authorized to assert its jurisdiction, however, when citizens of different states are involved and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). Therefore, where the parties are diverse and the amount in controversy prerequisite is sufficient, a defendant has a right, granted by statute, to remove an action from state court and avail itself of the federal court system. 28 U.S.C. § 1441; *Burns*, 31 F.3d at 1095.

The removing defendant, however, bears the burden of proving the existence of federal jurisdiction, *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996), and, because the jurisdiction of federal courts is limited, the Eleventh Circuit Court of Appeals favors remand of cases that have been removed where federal jurisdiction is not absolutely clear. *Burns*, 31 F.3d at 1095. In fact, removal statutes are to be strictly construed, with all doubts resolved in favor of remand. *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996), *cert. denied*, ––– U.S. –––, 117 S.Ct. 1349, 137 L.Ed.2d 506 (1997); *Burns*, 31 F.3d at 1095; *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214 (1941).

Normally, a plaintiff is "the master of his or her own claim; if the plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy." *Burns*, 31 F.3d at 1095 (citations omitted). Accordingly, where a plaintiff specifically claims less than the federal jurisdictional prerequisite in state court, a defendant may only establish removal jurisdiction by showing to a "legal certainty" that the plaintiff would not recover less than the federal jurisdictional amount if the plaintiff prevailed. *Tapscott*, 77 F.3d at 1356; *Burns*, 31 F.3d at 1094.

Where, as here, there is an unspecified claim for damages, however, a removing defendant need not meet the strict "legal certainty" standard articulated above. Instead, a removing defendant need only show "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." *Tapscott*, 77 F.3d at 1357; *see also* 28 U.S.C. § 1332(a). This lower burden of proof "is warranted because there is simply no estimate of damages to which a court may defer." *Id.* at 1357. When determining whether the jurisdictional amount in controversy prerequisite is met, the court must consider a claim for punitive damages "unless it is apparent to a legal certainty that such cannot be recovered." *Holley Equipment Co. v. Credit Alliance Corp.*, 821 F.2d 1531 (11th Cir.1987).

## II. Factual Summary And Procedural History

On October 1, 1997, Plaintiffs filed this action in the Circuit Court of Autauga County, Alabama. Defendant Acceptance Insurance Co. ("Acceptance") filed a Notice Of Removal on November 5, 1997. Plaintiffs contend that Acceptance failed to honor a valid contract of insurance that required Acceptance to defend the Plaintiffs and pay claims in the event of a lawsuit alleging personal injury to a third party. Plaintiffs also contend that the policy required Acceptance to investigate any claim or suit against the Plaintiff to determine if coverage existed. Specifically, Plaintiffs contend that on or about March 1, 1995, they were sued in the Circuit Court of Montgomery County, Alabama, and that Defendants failed to defend them or investigate the claim pursuant to the terms of the insurance contract. Plaintiffs' Complaint alleges breach of contract, bad faith, and fraudulent and negligent representation. Plaintiffs seek "compensatory and punitive damages in excess of the minimum jurisdictional requirements of this Court, in addition to any and all further, other, or different relief to which Plaintiffs are entitled as a matter of law." (Pls.' Compl. at 8.)

Defendant removed, contending that because the *ad damnum* clause in Plaintiffs' Complaint was "indeterminate" in that it "does not set forth the amount of damages claimed," (Def.'s Notice Of Removal at 2, ¶ 5); "the Court has the 'duty to independently determine the propriety of jurisdiction.'" (*Id.,* quoting *Robinson v. Quality Ins. Co.,* 633 F.Supp. 572, 574 (S.D.Ala.1986).) Citing to cases holding that when punitive damages are requested in a complaint, a court may consider the request in determining whether the federal jurisdictional amount in controversy prerequisite has been met, Defendant then cites numerous Alabama state court cases where there were damage awards well over the federal jurisdictional amount in con-

troversy prerequisite, and which Defendant contends are analogous to the case at bar. (*Id.* at 2–4, ¶ 5.) Defendant also cites to a November 12, 1994 Wall Street Journal article stating that the median damage award in Alabama has recently been as high as $250,-000. (*Id.* at 4 n. 1.)

Plaintiffs filed their Motion To Remand on February 6, 1998, alleging that "the amount in controversy is less than $75,000, the jurisdictional limit of this Court pursuant to 28 U.S.C. § 1332." (Pls.' Mot. at 1, ¶ 2.) Plaintiffs also state that their "special damages are $16,305.50, said amount representing attorney fees and settlement of the claim against Lowe's OK'd Used Cars." (*Id.,* ¶ 3.) Citing to *Tapscott v. M.S. Dealer Service Corp.,* 77 F.3d 1353, 1359–60 (11th Cir.1996), Plaintiffs contend that because "[t]here are no damages specified in the Complaint ... the Defendant must prove 'by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $75,000 jurisdictional amount.'" (*Id.* at 2, ¶ 5.) Plaintiffs then contend that Defendant has failed to meet its burden because Defendant cites the court "to numerous State cases, none of which are from Autauga County, all of which contain an egregious factor apparently not present in the instant action.... In the instant action no such egregious facts appear to exist if Defendant is to be believed, and therefore remand ... is proper."[1] (*Id.* at 2–3, ¶ 7.)

Plaintiffs then argue that Defendant's due process rights against unreasonable or excessive jury awards are protected by the remittitur process set out in both *BMW v. Gore,* 517 U.S. 559, 116 S.Ct. 1589, 134 L.Ed.2d 809 (1996) and *Life Insurance Co. of Georgia v. Daisey L. Johnson,* 701 So.2d 524, 530 (Ala. 1997).[2] (*Id.* at 3, ¶ 8.) Plaintiffs then argue that "none of Defendant cited cases [sic] were subject to the review set out in *BMW v. Gore.*" (*Id.* at 3–4, ¶ 8.) Finally, Plaintiffs argue that in contrast to Defendant's Wall

---

**1.** The "egregious facts" Plaintiffs identify in the cases Defendant cites are nothing more than *proven* bad faith or reckless conduct that led to large damage awards. (Pls.' Mot. at 2–3, ¶ 7.)

**2.** Each action provides for some level of judicial review and remittitur of damage awards if warranted.

Street Journal citation, according to the Alabama Administrative Office of Courts (A.O.C.), the median award for 1993 was "$35,000," 1994 "$40,000," 1995 "$50,000." (*Id.* at 4, ¶ 9.)

In conclusion, Plaintiffs argue that "the Defendant, aware of the 'preponderance of the evidence standard' set forth in *Tapscott,* ... attempts to [support its claim] by reference to six cases in Alabama, all of which are distinguishable from the instant action, by the egregious facts of each case, and reference to a portion of a newspaper article. Plaintiffs contend that Defendants have failed to" meet the preponderance standard. (*Id.* at 5, ¶¶ 12–13.)

On February 24, 1998, Acceptance filed its Memorandum Of Law In Opposition To Motion To Remand. There, Acceptance notes that on November 19, 1997, it served the Plaintiffs with interrogatories in an attempt to determine the total amount of compensatory and punitive damages claimed by Plaintiffs. Although a first glance at Plaintiffs' Answers To Interrogatories No. 1 appears to show that Plaintiffs only claim a total of $16,305.50 in compensatory *and* punitive damages, a review of the record, Plaintiffs' Answers Nos. 2 and 3, and Plaintiffs' February 14, 1998 Amended Answers To Interrogatories, reveals that Plaintiffs' position is that they "are without knowledge as to a total claim at this time," and thus are "not in a position to waive damages" in excess of $74,999.99. (*See* Def.'s Opp'n, Exs. E, F, I (Interrogatories, Answers, Amended Answers).) Acceptance argues that through its Interrogatories and Plaintiffs' Answers, it has met its preponderance burden of showing that the amount in controversy requirement has been met. (Def.'s Opp'n at 5.)

As to Plaintiffs' attempt to distinguish the Alabama state law cases relied upon by Defendant in its Notice Of Removal, Defendant contends that:

> The plaintiffs' attempt to distinguish these cases by stating that they all "contain an egregious factor apparently not present in the instant action" is not convincing.... If

in fact the plaintiffs do not have reason to believe that the defendants in this case acted egregiously, then their claims for bad faith and punitive damages are not made in good faith and should be dismissed. It is well-established that an action for bad faith lies only where the insurer has acted with an intent to injure. *Blue Cross & Blue Shield v. Granger,* 461 So.2d 1320, 1327 (Ala.1984). Bad faith "imports a dishonest purpose ... through some motive of self-interest or ill will." *Id.* Without the bad faith and punitive damage claims, the defendant would agree that the amount in controversy is less than $75,000.

> While the defendant denies that any wrong was committed which would entitle plaintiffs to an award of any damages, it is clear from the claims asserted in the complaint and from the awards upheld in similar Alabama cases that the amount in controversy exceeds this Court's minimum jurisdictional requirement.

(Def.'s Opp'n at 6–7.)

## III. Discussion

As noted earlier, to establish removal jurisdiction, the Defendant must show "by a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." *Tapscott,* 77 F.3d at 1357. Claims for punitive damages are properly included in the court's assessment. *Holley Equipment,* 821 F.2d at 1531. In this action, Plaintiffs assert claims for breach of contract, bad faith, and fraudulent and negligent representation. Under Alabama law, Plaintiffs may recover punitive damages for their bad faith and fraud claims. *See, e.g., Id.* at 1535–37; *Thomas v. Principal Financial Group,* 566 So.2d 735 (Ala.1990)(punitive damages awarded for bad faith); *Mobile Dodge, Inc. v. Alford,* 487 So.2d 866, 871 (Ala.1986) (punitive damages for fraud). Accordingly, the court properly considers Plaintiffs' request for punitive damages, in addition to their request for compensatory damages of $16,305.50, in assessing whether Defendant has met its preponderance burden.

In making this assessment, the court may examine decisions rendered in cases on the same type of suit. *See, e.g., De Aguilar v. Boeing,* 11 F.3d 55 (5th Cir.1993); *Bolling v. Union Nat. Life Ins. Co.,* 900 F.Supp. 400, 404 (M.D.Ala.1995); *Steele v. Underwriters Adjusting Co., Inc.,* 649 F.Supp. 1414, 1417 (M.D.Ala.1986). One question raised in this action that does not appear to be addressed in case law, is what level of specificity a court must utilize in examining "decisions rendered in cases on the same type of suit." What has not been clarified, for example, is whether a court may examine "cases" decided in other jurisdictions, state-wide, or whether the court must examine cases arising out of a particular geographical region, such as the federal district or division embracing the place from where the action was removed or the state judicial circuit from where the action was removed.[3]

Courts that have examined "similar types" of cases have reviewed damage awards state-wide or even from other jurisdictions, or have not specified the scope of their review. *See, e.g., De Aguilar v. Boeing Co.,* 11 F.3d 55, 58 (5th Cir.1993)(citing to "other courts" and "other forums"); *Haisch v. Allstate Ins. Co.,* 942 F.Supp. 1245, 1249 (D.Ariz. 1996)(state-wide and extra-state analysis); *Gilmer v. Walt Disney Co.,* 915 F.Supp. 1001, 1005 (W.D.Ark.1996)(citing *Bolling*'s language stating that courts should look to "decisions rendered in cases on the same type of suit"); *Bolling,* 900 F.Supp. at 404–405 (citing to "numerous decisions from the Alabama courts"). The court is unaware of any case law that has employed a more particularized review.[4]

■ In spite of these concerns, however, the court need not resolve the issue. Rather,

3. The Defendant cites to a series of Alabama cases where damage awards exceeded the federal jurisdictional prerequisite. (*See, e.g.,* Def.'s Opp'n at 6 (*citing Bolling v. Union Nat'l Life Ins. Co.,* 900 F.Supp. 400 (M.D.Ala.1995); *Auto–Owners Ins. Co. v. Ogden* [Ms. 1930368, Feb. 10, 1995] (Ala.1995), *opinion withdrawn but judgment affirmed,* 667 So.2d 743 (Ala.1995); *Thomas v. Principal Financial Group,* 566 So.2d 735 (Ala.1990); *USAA v. Wade,* 544 So.2d 906 (Ala. 1989); *Nationwide Mut. Ins. Co. v. Clay,* 525 So.2d 1339 (Ala.1987), *cert. denied,* 488 U.S. 1040, 109 S.Ct. 863, 102 L.Ed.2d 988 (1989); *Aetna Life Ins. Co. v. Lavoie,* 505 So.2d 1050 (Ala.1987); *Gulf Atlantic Life Ins. Co. v. Barnes,* 405 So.2d 916 (Ala.1981)).) None of these actions, however, originated in either the federal or state jurisdictional region encompassing Autauga County. At the state level, Alabama's Nineteenth Judicial Circuit includes Autauga, Chilton and Elmore Counties. Ala.Code § 12–11–2. The United States District Court For The Middle District Of Alabama, Northern Division, encompasses Autauga, Barbour, Bullock, Butler, Chilton, Coosa, Covington, Crenshaw, Elmore, Lowndes, Montgomery and Pike Counties. 28 U.S.C. § 81(b). The Middle District encompasses all of Alabama's Second Judicial Circuit (Butler, Crenshaw and Lowndes counties), Third Judicial Circuit (Barbour and Bullock counties), Fifteenth Judicial Circuit (Montgomery County), Nineteenth Judicial Circuit (Autauga, Chilton and Elmore Counties), and Twenty–Second Judicial Circuit (Covington County). It also encompasses part of the Twelfth Judicial Circuit (Pike County) and part of the Fortieth Judicial Circuit (Coosa County).

Of the cases cited by the Defendant, none originated in Alabama's Nineteenth Judicial Cir-

cuit, and only one—*Bolling*—was from the United States District Court for the Middle District of Alabama. (*Bolling*—Lowndes County (Alabama's Second Judicial Circuit); *Thomas*—Mobile County (Alabama's Thirteenth Judicial Circuit); *Wade*—Walker County (Alabama's Fourteenth Judicial Circuit); *Clay*—Mobile County (Alabama's Thirteenth Judicial Circuit); *Lavoie*—Mobile County (Alabama's Thirteenth Judicial Circuit); *Barnes*—Baldwin County (Alabama's Twenty–Eight Judicial Circuit)).

4. 28 U.S.C. § 1441(a) states that an action may be removed by the defendant "to the district court of the United States for the district or division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Because of the nature of the court's analysis, however, an analysis based on an examination of cases arising out of the Alabama Judicial Circuit from where the action was removed may be more accurate. Alabama is divided into judicial circuits compromising one or more counties. Ala.Code § 12–11–2 (1975). Juries are drawn from lists of the residents of counties or territorial subdivisions thereof. Ala.Code §§ 12–16–44, 57 (1975). Because jury pools are limited in geographical scope, damage awards in the "same type of suit" may differ from judicial circuit to judicial circuit. Jury awards in the judicial circuit from where the action at issue was removed, therefore, may more accurately instruct the court's analysis than an examination of jury awards from other judicial circuits or from judicial circuits encompassed by a federal judicial district or division.

An examination of damage awards in "similar type" diversity cases successfully removed to the federal district or division encompassing the judicial circuit of origin of the state action may be

the court can determine the merits of Plaintiffs' Motion To Remand based on Defendant's well-established evidentiary burden. In a diversity action where the plaintiff has not made a specific request for damages, the ultimate question the court addresses is whether a defendant has established by a preponderance of the evidence that should the plaintiff prevail on a particular claim, the plaintiff, more likely than not, will recover in excess of the federal jurisdictional prerequisite. *See Tapscott,* 77 F.3d at 1357.

■ Turning to the evidence, Defendant offers the following: (1) a 1994 Wall Street Journal article stating that the median damage award in Alabama has recently been as high as $250,000; (2) six Alabama state law cases where punitive damage awards exceeded $75,000; and (3) the fact that Plaintiffs contend that the amount in controversy is less than $75,000, while at the same time refusing to state, as evidenced by their Answers to Defendant's interrogatories, that their full measure of damages is, less than $75,000. In response, Plaintiff offers: (1) the fact that the six Alabama state law cases relied upon by the Defendant involved an egregious fact that incensed an Alabama jury; (2) none of the six cases cited involve an Autauga county jury; (3) none of the six cases were subject to the *BMW v. Gore / Life Ins. Co. of Georgia* review process; and (4) in contrast to the Defendant's 1994 Wall Street Journal article, the Alabama Administrative Office of Courts reports that the median damage award in Alabama for 1993 was $35,000, 1994 $40,000, and 1995 $50,000.

The court finds that, although, standing alone, Defendant's evidence meets its preponderance burden, Plaintiffs have offered sufficient evidence in rebuttal. For example, Plaintiffs' data from the Alabama Administrative Office of Courts is more accurate, timely and instructive to the court than Defendant's 1994 Wall Street Journal Article. Second, as Plaintiffs note, none of the cases relied upon by the Defendant originated in Autauga County or Alabama's Nineteenth Judicial Circuit. Third, all of the cited cases involved more egregious factual allegations than alleged by Plaintiffs in this action. Fourth, none of the cases relied upon by the Defendant were subject to the *BMW v. Gore / Life Ins. Co. of Georgia v. Daisey L. Johnson* review process. Fifth, an independent inquiry by the court to the Alabama Administrative Office of Courts disclosed that in 1997 and in 1996, there were *no* punitive damage awards either by a jury or in a bench trial in Autauga County. While none of these facts, on their own, are dispositive, the court finds that when examined *en toto,* the Defendant has not met its burden of establishing by a preponderance of the evidence that should Plaintiffs prevail, they will more likely than not recover in excess of the jurisdictional amount. Accordingly, pursuant to 28 U.S.C. 1447(c), the court finds that Plaintiffs' Motion To Remand is due to be granted.

IV.   Conclusion and Order

For the foregoing reasons, it is hereby CONSIDERED and ORDERED that pursuant to 28 U.S.C. § 1447(c), Plaintiffs' Motion To Remand be and the same is hereby GRANTED. The Clerk of the Court is hereby DIRECTED to take all steps necessary to

---

examined as well. Because the jury pools for the federal district or division and the state judicial circuits therein could overlap, an analysis of federal and state cases originating within the geographical region encompassed by the federal district or division would be appropriate because of this overlap. In other words, the court could examine damage awards in the particular judicial circuit from which the particular action was removed, as well as damage awards in federal diversity cases from the district or division encompassing the judicial circuit from which the particular action was removed. After all, the court is only determining whether the defendant has met the preponderance—more likely than

not—burden of showing that the jurisdictional amount in controversy prerequisite has been met. And, the same relatively low burden may allow for consideration of damage awards rendered state-wide or even from other jurisdictions, (i.e. neighboring judicial circuits in different states), *rendering this entire discussion moot.*

In this action, therefore, the court could properly consider damage awards in "similar type cases" in Alabama's Nineteenth Judicial Circuit, and/or damage awards in "similar type cases" in the United States District Court For The Middle District Of Alabama, Northern Division.

effectuate remand of this action to the Circuit Court of Autauga County, Alabama.